**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nicole Creegan and Calvin Peters, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BMW Financial Services NA LLC; Equifax ) <br> Information Services LLC; Experian ) <br> Information Solutions, Inc. and Trans ) <br> Union LLC. ) <br> Defendants. | Case No. 1:21-cv-04906-KPF |

**STIPULATED PROTECTIVE ORDER**

Sam Hickey
JONES DAY
250 Vesey St
New York, NY 10281
Telephone:   1.646.877.3391
Facsimile:    1.212.755.7306
Email:          shickey@jonesday.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

IT IS HEREBY STIPULATED by and between Plaintiffs Nicole Creegan and Calvin Peters ("Plaintiffs") and Defendants BMW Financial Services NA LLC; Equifax Information Services LLC; and Experian Information Solutions, Inc. and Trans Union, LLC through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." Deposition testimony will be deemed "Confidential" only if designated as such when the deposition is taken or within thirty (30) days after the deposition transcript becomes available. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the

party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal pursuant to the requirements of the Local Rules and/or judicial preferences; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the purposes of this litigation and in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) non-party fact or expert witnesses; and (e) present or former employees of the Producing Party in connection with their assistance with this litigation (provided that no former employees shall be shown documents prepared after the date of his or her departure).

6.     No person referenced in paragraph 5(d) or 5(e) shall have access to any documents or information deemed "Confidential" under this Order unless they first execute the Acknowledgement And Agreement To Be Bound, attached hereto as Exhibit A, copies of which are to be served upon each party upon such person's execution thereof.

7.     All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8.     Nothing in this Order shall prevent a party from using at trial in this matter any information or materials designated "Confidential".

9.     This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10.     Within sixty (60) days after the final termination of this litigation, including all appeals, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be destroyed or returned to the Producing Party. In the event that a party elects to have materials

deemed "Confidential" pursuant to this Order destroyed, such request must be made in writing and any recipient thereof must promptly destroy all materials referenced in the request and promptly thereafter confirm the destruction in writing.

11. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

13. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: November 10, 2021 Respectfully submitted,

*/s/ Sam Hickey*

Sam Hickey
Jones Day
250 Vesey St
New York, NY 10281
Telephone: 1.646.877.3391
Facsimile: 1.212.755.7306
Email: shickey@jonesday.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

Dated: November 10, 2021 Respectfully submitted,

*/s/ Robert D. Esrock*

Robert D. Esrock, Esq.
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: (317) 363-2400, Ext. 105
Fax: (317) 363-2257
E-Mail: E-mail: resrock@schuckitlaw.com
Counsel for Defendant Trans Union, LLC

5

Dated: November 10, 2021

Respectfully submitted,

/s/ Abel L. Pierre, Esq.
Abel L. Pierre, Esq.
140 Broadway, 46th Floor
New York, NY 10005
(212) 766-3323 – Telephone
(212) 766-3332 – Facsimile
Email: abel@apierrelaw.com
Counsel for Plaintiffs

Dated: November 10, 2021

Respectfully submitted,

/s/ Colleen Fox, Esq.
Ryan L. DiClemente, Esq.
Colleen Fox, Esq.
650 College Road East, Suite 4000
Princeton, NJ 08540
(609) 452-3100 – Telephone
(609) 452-6104 – Facsimile
Email: ryan.diclemente@saul.com
        colleen.fox@saul.com
Counsel for BMW Financial Services NA, LLC

IT IS SO ORDERED.

Dated: Dec. 20, 2021

_____
J. PAUL OETKEN
United States District Judge

6

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, _____, and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential materials to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name:               _____

Job Title:           _____

Employer:          _____

Business Address: _____

                            _____

Date: _____   _____
                            Signature